PROBER & RAPHAEL, A LAW CORPORATION
DEAN R. PROBER, ESQUIRE, #106207
LEE S. RAPHAEL, ESQUIRE, #180030
CASSANDRA J. RICHEY, ESQUIRE #155721
DAVID F. MAKKABI, ESQUIRE #249825
MELISSA VERMILLION, ESQUIRE #241354
WILLIAM K. HONG, ESQUIRE #266690
20750 Ventura Boulevard, Suite 100
Woodland Hills, California 91364
(818) 227-0100
C.094-13219
Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Bk. No. 2:10-bk-22824-EC |
| NERY MANRIQUE LOPEZ and DIXY LIBETH ULLOA, | CHAPTER 13 |
| Debtors. | Adv. No. 2:10-ap-02104-EC |
| NERY MANRIQUE LOPEZ and DIXY LIBETH ULLOA | Hearing:<br>Date: September 22, 2010 |
| Plaintiffs, | Time: 1:00 p.m.<br>Place: U.S. Bankruptcy Court |
| vs. | 255 East Temple Street<br>Los Angeles, CA |
| BANK OF AMERICA HOME LOANS SERVICING, L.P., its assignees and/or successors in interest; DOE COMPANY 1-5; DOE CORPORATIONS 1-5; DOES 1-5, inclusive, | Courtroom: 1639<br>Floor: 16th |
| Defendants. | |

**STIPULATION RESOLVING DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIENS PURSUANT TO 11 U.S.C. §506(a)**
**(Cover page)**

1

| | |
|---|---|
| 1 | PROBER & RAPHAEL, A LAW CORPORATION |
| | DEAN R. PROBER, ESQUIRE, #106207 |
| 2 | LEE S. RAPHAEL, ESQUIRE, #180030 |
| 3 | CASSANDRA J. RICHEY, ESQUIRE #155721 |
| | DAVID F. MAKKABI, ESQUIRE #249825 |
| 4 | MELISSA VERMILLION, ESQUIRE #241354 |
| | WILLIAM K. HONG, ESQUIRE #266690 |
| 5 | 20750 Ventura Boulevard, Suite 100 |
| | Woodland Hills, CA  91364 |
| 6 | P.O. Box 4365 |
| 7 | Woodland Hills, CA  91365-4365 |
| | (818) 227-0100 |
| 8 | C.094-13219 |
| | Attorneys for Defendant |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Bk. No. 2:10-bk-22824-EC |
| NERY MANRIQUE LOPEZ and DIXY LIBETH ULLOA, | CHAPTER 13 |
| | Adv. No. 2:10-ap-02104-EC |
| Debtors. | |
| NERY MANRIQUE LOPEZ and DIXY LIBETH ULLOA | Hearing: |
| | Date: September 22, 2010 |
| Plaintiffs, | Time: 1:00 p.m. |
| | Place: U.S. Bankruptcy Court |
| vs. | 255 East Temple Street |
| | Los Angeles, CA |
| BANK OF AMERICA HOME LOANS SERVICING, L.P., its assignees and/or successors in interest; DOE COMPANY 1-5; DOE CORPORATIONS 1-5; DOES 1-5, inclusive, | Courtroom: 1639 |
| | Floor: 16th |
| Defendants. | |

**STIPULATION RESOLVING DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIENS PURSUANT TO 11 U.S.C. §506(a)**

This Stipulation is entered into by and between Nery Manrique Lopez and Dixy Libeth

1

Ulloa (hereinafter referred to as "Debtors"), by and through their attorney of record, Leroy Bishop Austin; and Defendant Bank of America Home Loans Servicing, L.P., its assignees and/or successors in interest (hereinafter referred to as "Creditor"), by and through its attorney of record, Prober and Raphael, A Law Corporation.

## RECITALS

Debtors are the makers of a Note in favor of Creditor, dated April 9, 2008 in the original principal amount of $ 78,000.00 ("Note"), which is secured by a Deed of Trust encumbering the real property at **1040 East Laurel Avenue, Glendora, California** (the "Subject Property"). The Note and Second Deed of Trust are collectively referred to hereinafter as the "Subject Loan".

A. On or about April 3, 2010, Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (Los Angeles), and was assigned Case No. 2:10-bk-22824-EC.

B. On or about June 19, 2010, Debtors filed a Complaint to Determine Nature and Extent of Liens Pursuant to 11 U.S.C. §506(a) against Creditor in Adversary Case No. 2:10-ap-02104-EC, praying that the Court find Creditor's Deed of Trust encumbering the Subject Property be avoided and that its claim be paid as an unsecured.

**THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS**:

1. Creditor's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtors' Plan.

2. The avoidance of Creditor's Second Deed of Trust is contingent upon the Debtors' completion of their Chapter 13 plan and the Debtors' receipt of a Chapter 13 discharge;

3. Upon receipt of the Debtors' Chapter 13 discharge and completion of their Chapter 13

1  Office.

2      4. Creditor shall retain its lien for the full amount due under the Subject Loan should the Subject Property be sold or should a refinance take place prior to Plan completion and entry of a Discharge.

    5. Creditor shall retain its lien for the full amount due under the Subject Loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

    6. In the event that any entity, including the holder of the first lien on the Subject Property, forecloses on its security interest and extinguishes Creditor's Deed of Trust prior to the Debtors' completion of their Chapter 13 Plan and receipt of a Chapter 13 discharge, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale; and

    7. Each party shall bear its own attorneys' fees and costs incurred in the present bankruptcy case 2:10-bk-22824-ECand adversary case 2:10-ap-02104-EC.

DATED: July 16, 2010        PROBER & RAPHAEL, A LAW CORPORATION

                            By /s/ David M. Makkabi
                                David F. Makkabi, Esquire #249825
                                Attorneys for Secured Creditor

DATED:                        By /s/ Leroy Bishop Austin
                                Leroy Bishop Austin
                                Attorney for Debtors/Plaintiffs

Case 2:10-ap-02104-EC Doc 6 Filed 07/26/10 Entered 07/26/10 16:05:31 Desc
Main Document Page 5 of 6

In re:
Nery M. Lopez and Dixy Libeth Ulloa
                                                                    Debtor(s).

CHAPTER 13
CASE NUMBER 2:10-bk-22824-EC
ADV NUMBER 2-10-ap-02104-EC

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Prober & Raphael, A Law Corporation, 20750 Ventura Boulevard, Suite 100, Woodland Hills, CA 91364

The foregoing document described **STIPULATION RESOLVING DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIENS PURSUANT TO 11 U.S.C. §506(A)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 07/14/10 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

   **Leroy Bishop Austin** lbishopbk@yahoo.com, lbishopbk@gmail.com
   **Kathy A Dockery** efiling@CH13LA.com
   **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
   **David F. Makkabi** cmartin@pprlaw.net

   ☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On 7/26/10 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

   ☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

   ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/26/10 | Janice Warren | /s/ Janice Warren |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                **F 9013-3.1**

| In re:<br>Nery M. Lopez and Dixy Libeth Ulloa<br>Debtor(s). | CHAPTER 13<br>CASE NUMBER 2:10-bk-22824-EC<br>ADV NUMBER  2-10-ap-02104-EC |
|---|---|

**II.** **<u>SERVED BY U.S. MAIL</u>**

Hon. Ellen Carroll
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012-3332
Judge's Copy

Nery Manrique Lopez
Dixy Libeth Ulloa
1040 East Laurel Avenue
Glendora, CA 91741
Debtors/Plaintiff

Leroy Bishop Austin, Esquire
L. Bishop Austin & Associates
3250 Wilshire Blvd, Ste 1500
Los Angeles, CA 90010-1502
Attorney for Debtors/Plaintiffs

Kathy A. Dockery
700 S. Flower Street, Ste 1950
Los Angeles, CA  90017
Chapter 13 Trustee

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*          **F 9013-3.1**